IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID F. BROWN,<br>　　　Petitioner, | )<br>)<br>) | Civil Case No. 7:21-cv-00056 |
| v. | )<br>) | |
| WARDEN,<br>　　　Respondent. | )<br>)<br>) | By: Elizabeth K. Dillon<br>　United States District Judge |

**MEMORANDUM OPINION**

David F. Brown, a Virginia inmate proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court conditionally filed the action and directed Brown to file a signed, amended petition providing additional information about his precise challenges.

After review of Brown's amended petition,[1] the court concludes that his habeas claim must be summarily dismissed because Brown did not exhaust his state court remedies prior to filing his petition in this court.[2] With regard to any claims that may be properly brought as claims pursuant to 42 U.S.C. § 1983, the court declines to construe his petition as a 42 U.S.C. § 1983 complaint. As it is currently pled, it fails to state a claim for relief against any named defendant and so would be subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Instead, the court will dismiss his claims without prejudice.

I.  BACKGROUND

In his amended petition, Brown discusses his original conviction for robbery by assault, in violation of Virginia Code Ann. § 18.2-58, in which he was sentenced in 1995 to what he calls

---

[1] Brown has not signed the § 2254 form submitted as his amended petition, but his attached written statement contains his hand-written name and a date at the bottom of each attached page, which the court treats as his signature.

[2] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

a non-mandatory 40-year sentence, with all but 15 years suspended.  *See also Commonwealth v. Brown,* No. CR94000147-02 (Culpeper County Circuit Court).  He served approximately nine years of that sentence before his release.  His petition then sets forth his criminal history subsequent to his initial release, when he was found to have violated his probation on four occasions and was sentenced to additional time in custody each time.  (Am. Pet., Dkt. No. 3-1 at 1–3.)  These violations are also reflected in Culpeper County Circuit Court records.  *See* Case Nos. CR94A00147-01 through CR94A00147-04.  The last of these reflects that his probation was revoked on June 8, 2016, and he was sentenced to an 18-year sentence, with 15 years suspended.

Brown's primary argument is that he has overserved his sentence, and he blames the Virginia Department of Corrections (VDOC) for miscalculating his sentence.  He makes related allegations that he has been "sentenced for the second time for the same crime," (Am. Pet., Dkt. No. 3-1 at 4), that he was fingerprinted twice, assigned three different inmate numbers, and that he has "done probation and parole all in the same sentence mandatory day for day," (*id.* at 6–7) which he claims is improper.  (*See generally* Am. Pet., Dkt. Nos. 3, 3-1.)

In the latter part of his amended petition, Brown also states that he is seeking monetary damages in the amount of more than $4.5 million as a result of having over-served his sentence.  He then titles a page "personal injuries, in violation of criminal laws" and sets forth a list (without any accompanying detail) of crimes against him that allegedly occurred while he was incarcerated.  These include unlawful wounding, malicious wounding, attempted murder, assault, battery, torture, starvation, "sexual molest[ation] by electronic wave, kidnapping, and "electrocut[ion] by torturing device." (Am. Pet., Dkt. No. 3-1 at 11.)  The list also refers to apparent medical events that occurred while he was in custody, including his colon being

2

"dissected from [his] body," intestinal collapse, two stomach operations, and time spent in both a hospital and a nursing home. (*Id.*)

## II.  DISCUSSION

**A.  Habeas Claim**

As an initial matter, the court notes that § 2254 is the proper vehicle for Brown's habeas request, which the court construes as challenging the calculation and execution of his state sentence by VDOC. *See In re Wright*, 826 F.3d 774, 779 & n.5 (4th Cir. 2016) (holding that state prisoners challenging the execution of a state sentence cannot use § 2241). Construing his claims as being brought under 28 U.S.C. § 2254, however, it is apparent that they are subject to dismissal because he has not exhausted them.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Virginia law, Brown may file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition

directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Brown ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. *Slayton*, 404 U.S. at 54.

It appears from his petition, however, that Brown has not presented his claims to the Supreme Court of Virginia. The court's prior order even asked for additional information concerning exhaustion, and Brown's amended petition provides none. In short, nothing in his amended petition suggests that he presented his sentencing miscalculation claim (or any other claim) to the Supreme Court of Virginia, a fact confirmed by that court's records. Because Brown has not yet exhausted his state court remedies, the court will dismiss his petition without prejudice.

**B. Civil Claims for Monetary Damages**

With regard to Brown's claims for money damages, they also must be dismissed. First, to the extent that they stem from his underlying assertion that he has over-served his sentence, his claims fail because such claims cannot be brought unless and until he obtains a favorable ruling on his allegation that he has overserved his sentence. *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (explaining that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars a civil claim for damages under circumstances, like here, where a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of his sentence, he is in custody, and the sentence has not been reversed, expunged, or otherwise deemed improper, such as in habeas). At present, therefore, Brown does not state any cognizable civil claim based on his assertion that he has over-served his sentence.

Furthermore, Brown's claims for damages fail because he does not name a proper

4

defendant for purposes of 42 U.S.C. § 1983. The only defendants Brown identifies are the Culpeper County Circuit Court, the Commonwealth of Virginia, and the "Department of Corrections." (Am. Pet., Dkt. No. 3-1 at 1.) None of these defendants are proper defendants to a § 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) (holding that "[c]ourts are not persons" under § 1983 and state courts have Eleventh Amendment immunity in any event), *cert. denied*, 510 U.S. 828; *Oliva v. Boyer*, 163 F.3d 599, 599 (4th Cir. 1998) (unpublished table opinion) (explaining that "the Defendant court system is not a person" for purposes of § 1983). Accordingly, Brown's claims will be dismissed without prejudice to his ability to assert them in a new § 1983 action if he can remedy the deficiencies identified by the court.

### III.   CONCLUSION

For the foregoing reasons, Brown's amended petition will be dismissed without prejudice. An appropriate order will be entered.

Entered: March 30, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge